5/10/24

FROM:

Marion Ray Mosley,

Prison Id. # 00618348

777 FM 3497

Woodville, Texas 75990



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 21 2024
CLERK, U.S. DISTRICT COURT
By_____
Deputy

TO:

The Judge of The

United States District Court.

Honorable Judge,

**3-24CV1246-X**

      This is a 'EMERGENCY REQUEST" for the Court's assistance. I am a elderly State prisoner, currently assigned to the High Security Cellblock of the Gib Lewis unit of the Texas Department Of Criminal Justice- Institutional Division, located at 777 fm 3497, Woodville, Texas 75990 (Tyler County).

  The high security cellblock was formally designated for housing administrative segregated inmates is now primarily used to house heat sensitive inmates.|[1.] All of TDCJ-Id's high security cell- blocks are air condictioned.

  Inmates are evaluated for heat sensitivity and assigned a heat score based on a number of categories. Inmates with a de- signated heat score are assigned to a high security cellblock (coolbed) housing. Because, I had a heat score I've been pre- viously assigned to the James V. Allred unit, the Esttle unit, the Holliday unit and the Middleton unit; all of which have form of air condictioned housing area.

---

1. See **COLE V. COLLIER**, 2017 U.S. Dist. Lexis 112095(Southern Dist. Tex.) See also **YATES V. COLLIER**, 677 Fed. Appx. 915 (5th Cir. 2017).

I am anemic (a servere lack of red blood cells), plus I also suffer with arthritis. Both of these condictions are documented in my prison medical record. Further, both of these condictions are aggravated by prolong exposure to cold tempature such as is constantly present in the high security cellblocks. As a result of being constantly in air condictioning, I'm in constant arthritic pain to such extent that to get any kind of pain relief I take between 15-20 packets of non-aspirin (each packet contain two tablets of 325 mgs of acetaminophen) daily.[2] Because of the anemia I'm cold and uncomfortable all the time, even when Im wearing two coats, or sleeping under two blankets.

I have repeatedly presented my complaints to each unit's medical department, and requested their assistance in obtaining non-air condictioned housing. All medical departments state that they cannot remove the heat score, so they cannot assist me in obtainig non-air condictioned housing.

Heat scores are determined de nova (medical record review) by the State Classification Committee. I have written letters to the State's Classification Committee explaining my problems with air condictioned housing, and requested that the heat score be removed. I did not and have not received a response to my letters and requests. The heat score is still in effect.

I have utilized the prison's inmate grievance procedure in my attempt to have the heat score removed, or be assigned to

---

2. Prolonged use of high doseage of acetaminophen is known to cause servere liver damage. (See attachment "non-aspirin packet").

2.

non- air condictioned housing. The final response (step 2) to my grievance is that " the heat score has been removed". (see attached step 2, grievance # 2023051894). I have provided the State Classification Committee with a copy of step 2 grievance # 2023-051894. My assignment to air condictioned housing is still being implemented.

On arrival at the Gib Lewis unit (January 2, 2024) I was assigned to the high security cellblock solely for "coolbed" air condictioned housing. I have written letters and I-60s to the Chief of the Gib Lewis Ubit's Classification Committee, M. Easter, explaining my problem with air condictioned housing. I have also provided M. Easter with a copy of step 2, grievance # 2023051894. My housing has not been changed.

In summation. The State Classification Committee after receving my letter and a copy of step 2, greivance # 2023051894, should have directed M. Easter , Gib Lewis' unit's Classification Committee's cheif to reassign me to non-air condictioned housing. Further, the Gib Lewis' medical department after being made aware of my issues with air condictioned housing should have recommended to both the State's and Gib Lewis' Classification Committee to provide me with non air condictioned housing. Lastly, M. Easter after receiving my letters, I-60s and a copy of step 2, grievance # 2023051894, should have reassigned me to non-air condictioned housing.

For Unit assignment and housing purposes, my custody level is G2, I am a state approved trusty class 3, with no major or minor displinary infractions in at least fifteen (15) years, with thirty-two (32) calendar years served on my life sentence. I do not have a mental of physical condiction that requires special housing, nor do I need protective custody housing. Basically I can be housed anywhere, dorm or cellblock, in general population.

All considering for unexplained reasons, the State's Classification Committee, the Gib Lewis unit's classification committee, and medical department authorities are all acting with a delib-

3.

erate indifference toward my pain and suffering by refusing to do something as simple as changing my housing assignment.

Your Honor, I feel that if I continue to write letters and file grievance that I will be in some way retaliated against. Therefore, I beseech the Court's guidance and assistance in obtaining the amiable end to my pain and suffering.

Thanking the Court in advance for the Court's concern, time and assistance.

Sincerely

*Ahriant Mosley*
00618348

See attachment "A", Step 2 Grievance # 2023051894

See attachment "B" referred to at page #2 at foot note #2 Non-aspirin packet.



# Texas Department of Criminal Justice

## STEP 2 OFFENDER GRIEVANCE FORM

19 X 122

**Offender Name:** Marion R. Mosley  **TDCJ #** 618348
**Unit:** Allred  **Housing Assignment:** HSG 1 13 (B)
**Unit where incident occurred:** Allred Unit at FCB Giving

**OFFICE USE ONLY**
Grievance #: 2023051894
UGI Rec'd Date: JAN 17 2023
HQ Rec'd Date: JAN 18 2023
Date Due: 2·26·23
Grievance Code: 200/698
Investigator ID#: I2823
Extension Date: APR 07 2023

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...* Step 1 response number 2023051894 failed to encompass or address the entirety of the complaint presented. By attachment to the Step 1 form, the issue(s) presented in the I-60 form were incorporated into the complaint presented in Step 1, 2023051894. Basically, the I-60 requested that the cool bed housing requirement be removed from my medical file on the basis that "I have arthritis and cool temperature causes me to experience severe arthritic pain." The Step 1 response did not address the true substance of my Step 1 complaint. Further, the Step 1 response contains error and misleading assessment of a material issue. The Step 1 response ambiguiously misleads me to think that I cannot refuse or waive a medical treatment. This is error. I can and do have the right to waive, refuse any medical treatment, as long as the proposed or refused medical treatment is not for an illness that could create a danger to other prisoners or correctional staff. According to the Step 1 response cool bed housing is determined by a "heat score" which is determined from my medical record. See Step 1 2023051894 response. A exhaustive review of my past and present medical record reveals "hypertension, iron deficiency, and other issues which are non-heat related, and none of which if not treated posed a health threat or danger to other prisoners or correctional staff. In all asspects "cool bed" housing is for medical purposes. In such cool bed housing is a medical treatment which I have the right to

**I-128 Front (Revised 11-2010)**   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

Exhibit "A"

refuse. Moreso, where an forced cool bed house amounts to a deliberate indifference to the arthritic pains produced by the air conditioned temperature In the cool bed housing cell block.

Again I'm requesting that the cool bed housing requirement be removed from my medical and housing assignment file, and criteria.

**Offender Signature:** Markick Masley    **Date:** 1-16-23

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. Classification advised you were appropriately assigned at the time per your medically assigned heat sensitivity score. Records show your health summary was updated on 02/13/23 to reflect you no longer have a heat score, and you have been moved from cool bed housing. No further action is warranted.

**Signature Authority:** J. Back /Back    **Date:** MAY 19 2023

**Returned because:**    *Resubmit this form when corrections are made*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)    Appendix G



Exhibit "B"

Marion Ray Mosley #00618348
Bib Lewis Unit
777 FM 3497
Woodville, Texas 75990

To:
The Judge of:
The United States District Court
Northern District of Texas
1100 Commerce Street, Dallas Division
Dallas, Texas 75242-1310

SHREVEPORT LA 710
15 MAY 2024 PM 3 L


